**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ALEX WHEELIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-86 NCC |
| | ) | |
| JASON FINCH, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by *pro se* plaintiff Alex Wheelis. For the reasons discussed below, the Court will give plaintiff the opportunity to file a signed, amended complaint on a Court-provided form, and to either pay the $400 filing fee or file an Application to Proceed in District Court without Prepaying Fees or Costs.

### Background

On April 8, 2020, twenty inmates at the Ste. Genevieve Detention Center, including plaintiff, filed a lawsuit pursuant to 42 U.S.C. § 1983 against six detention center employees. In the complaint, they alleged the defendants failed to wear proper protective equipment during March 2020. They claimed this amounted to deliberate indifference to their health and safety, and a failure to protect them from potential exposure to, and spread of, the COVID-19 virus. Because the Court does not allow multiple prisoners to join as plaintiffs in a single lawsuit under Federal Rule of Civil Procedure 20, nineteen plaintiffs were severed from the originating case and new cases were opened for each one. The case at bar is one of those new cases.

**Discussion**

The complaint in this matter is defective for several reasons. First, it is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the… party's attention."  Similarly, the local rules of this Court require self-represented parties to sign all of their filings.  E.D. Mo. L.R. 2.01(A)(1).

Second, the complaint asserts claims on behalf of a group of inmates as a whole.  While federal law authorizes plaintiff to plead and conduct his own case personally, he lacks standing to bring claims on behalf of others.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Moreover, plaintiff does not allege, nor does it appear, that he is a licensed attorney.  He therefore may not represent the interests of others in this Court.  *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.  A person must be litigating an interest personal to him"); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief.  Plaintiff is advised that the amended complaint will replace the original complaint.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an

2

amended complaint supersedes an original complaint and renders the original complaint without legal effect.").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue each defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming him.  *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of the defendant, so that the defendant will

have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Finally, the Court will give plaintiff the opportunity to either pay the $400 filing fee, or file a motion seeking leave to commence this action without prepaying fees and costs. If plaintiff chooses to file a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this order, plaintiff must file a signed amended complaint on the Court-provided form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this order, plaintiff must either pay the $400 filing fee, or file a completed Application to Proceed in District Court Without Prepaying Fees or Costs form along with a certified copy of his inmate account statement.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 21st day of April, 2020.

_____/s/ Noelle C. Collins_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE